IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HUBERT IVAN UGARTE and RYAN MOWER,<br><br>　　　　　　　Defendants. | Case No. 2:19-cr-00393-RJS<br><br>ORDER GRANTING MOTION TO CONTINUE AND EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUTATION<br><br>JUDGE ROBERT J. SHELBY |

　　This matter is currently set for jury trial on February 22, 2021. Counsel for the United States filed a written motion requesting that the trial be continued and that time be excluded from computation under the Speedy Trial Act. Both defense counsel stipulate to the motion to continue. The Court is currently not conducting jury trials due to the Covid-19 pandemic. See General Order 20-033, referencing several previous General Orders of the Court. The motion having been made and good cause appearing, the Court makes the following findings:

1. The defendants were charged by Indictment on October 24, 2019. They were arraigned on October 30, 2019 and on November 4, 2019. A trial date was set and the case has been continued for status conferences on previous occasions. The current trial date is February 22, 2021.

2. Defendant Ugarte is in custody on this case for violating conditions of release and

is also being held in case number 2:20-cr-00214. That case is currently set for a status conference on April 27, 2021.

3. Counsel for both Defendant Ugarte and Defendant Mower concur in the United States request for a continuance.

4. The impact of the current pandemic has affected this case and the ability to meet with clients, impaired both the United States and the defendants in their ability to prepare for trial and meet with witnesses and to negotiate effectively a potential resolution of the case.

5. Additionally, a continuance is appropriate and consistent with the General Orders for the District of Utah regarding the continuance of jury trials due to the pandemic. *See* District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, 20-020, 20-021 and 20-033 regarding the Coronavirus Pandemic, On April 28, 2020 and then again on June 15, 2020, July 29, 2020, August 26, 2020, October 29, 2020 and once again on December 28, 2020, General Orders were entered continuing all civil and criminal jury trials pending further order of the Court. Originally, on March 13, the court entered a General Order imposing health and travel-related limitations on access to court facilities. D. Ut. General Order No. 20-008, In the Matter of Restrictions on Courthouse Entry during the Coronavirus (COVID-19) Pandemic. These orders were "[c]onsistent with the Center for Disease Control and Prevention (CDC) Interim Guidance for Businesses and Employers and the Utah Department of Health recommended strategies[.]" D. Ut. General Order No. 20-008 at 1. In the April 28, 2020 order, the it was noted that

"President Trump's March 13, 2020 National Emergency declaration remains in effect [and] Utah remains in a state of emergency under Governor Herbert's declaration." D. Ut. General Order No. 20-012 at 2. This Court as Chief Judge for the District based the decision to continue jury trials and other related deadlines on "the unprecedented severity of the risks presented by the national and local emergency to the public, litigants, counsel, court employees, agencies that support the courts, and judges . . ." *Id.* at 3. In the October 29, 2020 order the Court stated, "Overall, the daily number of reported new infections is generally increasing again both in Utah and throughout the United States." D.Ut. Gen. Order 20-020 at 2. While things have been improving recently, the Court is still at Phase 1 and the COVID risk continues to this date.

6. Given the grave public-health concerns reflected in this court's recent general orders, and given the additional facts set forth in this order, the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial.

7. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and DUCrimR 12-1(h), failure to grant a continuance would likely result in a miscarriage of justice because without the additional time to prepare, the defendants will not adequately be able to confront the evidence against them, meet and confer with counsel, conduct additional investigation, and review the discovery, nor will the United States be able to effectively prepare witnesses for trial and present its case, taking into account due diligence.

8. The United States having requested a continuance and defendants concurring in the request, the Court hereby finds that a continuance is appropriate and the scheduling of this case is best handled by setting a status conference in order to then set a jury trial date once jury trials resume in the District.

9. The Court finds that based on the now existing General Order, 20-033, discussed above, the defendants' discovery review and both parties trial preparation needs, it is unreasonable to expect counsel to prepare for trial proceedings or to effectively negotiate a settlement of the case within the time limits of 18 U.S.C. § 3161.

10. The Court finds that the defendants will not be prejudiced by the continuance. The ends of justice served by the granting of the continuance outweigh the interests of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

11. The time from the motion until the date of the next scheduled status conference to be held on 5/13/2021 at 2:00 pm is to be excluded under the Speedy Trial Act.

ORDER

It is hereby ORDERED that the matter is continued at the request of the United States and defendants Ugarte and Mower and the setting of a trial date is to be rescheduled at a status conference. The status conference in this case is scheduled for __May 13__, 2021, at __2:00 p.m.__. At that time a trial setting will be made, if the then existing General Order allows, unless the parties make an adequate showing that more time is needed to prepare their case.

It is further ORDERED that the time between the date of this order, and the new trial date to be scheduled at a status conference set for  5/13/2021 , be excluded from the Speedy Trial Act computation as described in 18 U.S.C. § 3161.

DATED this  4th  day of February, 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge